IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY MINDEZ RUFF,<br><br>Defendant. | Case No. 25-CR-197-JFH-2 |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Sever and Invoke His Right to a Speedy Trial ("Motion") filed by Defendant Jeremy Mindez Ruff ("Defendant Ruff"). Dkt. No. 196. Defendant Ruff asks the Court to sever his case from the joint trial with his seven (7) co-defendants and proceed to trial individually under the Speedy Trial Act. *Id*. The Government has filed a response in opposition. Dkt. No. 197. For the following reasons, Defendant Ruff's Motion [Dkt. No. 196] is denied.

**BACKGROUND**

On June 3, 2025, Defendant Ruff was charged by indictment with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), and Interstate Travel to Aid Racketeering, in violation of 18 U.S.C. § 1952(a)(3). Dkt. No. 2. The indictment named seven (7) other co-defendants and included five (5) total counts. *Id*. On July 8, 2025, a superseding indictment was filed to include thirteen (13) total counts. Dkt. No. 150. In addition to the charges in the original indictment, Defendant Ruff was additionally charged in the superseding indictment with Sex Trafficking a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2), and two (2) counts of Transporting an Individual for Prostitution, in violation of 18 U.S.C. § 2421(a). *Id*.

Initially, this case was set for trial on the Court's August 18, 2025 jury trial docket. Dkt.

No. 134. On July 7, 2025, the Government filed its Motion to Declare Case Complex. Dkt. No. 141. Defendant Ruff took no position on the motion, one co-defendant opposed, and the remaining co-defendants had no objection. *Id*. On July 9, 2025, the Court granted the Motion to Declare Case Complex and continued the trial to the Court's February 23, 2026 jury trial docket.[1] Dkt. No. 161. Defendant Ruff now asks the Court to sever his case from the joint trial and to proceed to trial individually under the Speedy Trial Act. Dkt. No. 196.

## DISCUSSION

In considering a motion to sever, two rules are relevant: Federal Rules of Criminal Procedure 8(b) and 14(a). First, Fed. R. Crim. P. 8(b) "permits an indictment to charge two or more defendants 'if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009) (quoting Fed. R. Crim. P. 8(b)); *cf.* Fed. R. Crim. P. 13 ("The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."). Rule 8(b) embodies a "preference in the federal system for joint trials of defendants who are indicted together." *Pursley*, 577 F.3d at 1215 (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)) (internal quotation marks omitted). It is likewise preferred that in a conspiracy trial all persons charged together be tried together. *See United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005) (citing *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994)).

---

[1] The Court notes that the co-defendant that objected to the motion to declare case complex, Defendant Trinty Rinique Goudeau, filed a motion to reconsider the Court's order granting the motion declaring the case complex or, in the alternative, moved to sever from her co-defendants. Dkt. No. 166. Defendant Goudeau's motion was denied. Dkt. No. 186.

Next, Fed. R. Crim. P 14(a) provides that "a court 'may' sever the trials of more than one defendant if joinder 'appears to prejudice a defendant or the government.'" *Pursley,* 577 F.3d at 1215 (quoting Fed. R. Crim. P. 14(a)).  Prejudice for the purpose of Rule 14(a) must be "actual prejudice." *United States v. Caldwell,* 560 F.3d 1214, 1221 (10th Cir. 2009). Meaning that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539.

Here, Defendant Ruff argues that his right to a speedy trial would be compromised if he is not severed from his co-defendants.  Specifically, Defendant Ruff argues that the continuance in this case was made without "individualized findings or a showing of necessity specific to [Defendant] Ruff." Dkt. No. 196 at 4.  He further argues that the Court's complexity designation is not sufficient to justify the continuance as to him specifically. *Id*.

The Court will first address the complexity designation.  In declaring a case complex, the Court must determine "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]"  18 U.S.C. § 3161(h)(7)(B)(ii).  A district court's findings are sufficient to justify an ends-of-justice continuance where the district court sets forth what factors it relied upon when making its determination, which may include the number of defendants, the volume of discovery, and the ongoing nature of the investigation. *See e.g., United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013) (citing *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir.2009) and U*nited States v. Larson,* 627 F.3d 1198, 1203 (10th Cir.2010)).  It is also appropriate for the district court to reference and rely upon the government's motion to

3

declare the case complex in making such a determination. *Id*.

In the July 9 Order, the Court stated that it considered the number of defendants, the number of victims, the volume and variety of discovery, and the ongoing nature of the case investigation. Dkt. No. 161 at 1-2. The Court clearly and specifically identified the factors it considered when determining the complexity of the case and the need for an ends-of-justice continuance. *Id*. The Court finds that it made sufficient findings as to the complexity of the case and, therefore, the complexity designation is proper.[2]

Regarding Defendant Ruff's request for severance, the Court finds that Defendant Ruff has failed to establish actual prejudice. In arguing that severance is necessary, Defendant Ruff cites to the framework set forth in *Barker v. Wingo*, 407 U.S. 514 (1972) to contend that failure to sever would result in a speedy trial violation. Dkt. No. 196 at 3. However, upon review of the *Barker* factors, the Court finds that Defendant Ruff's argument fails.

First, the Court finds that the length of delay in this case is reasonable. As determined by the July 9 Order, this case is complex. The basis of this case is a sex trafficking operation allegedly carried out by the eight (8) co-defendants and involving at least fifteen (15) victims, including three (3) minor victims.[3] *See* Dkt. No. 161. The sex trafficking operation spans over at least two (2) years and across six (6) states. *See* Dkt. No. 177 at 6-7. Discovery is voluminous. Much of the advertisement and communication for the sex trafficking operation was done electronically,

---

[2] The Court further finds that a continuance as to Defendant Ruff is also proper under 18 U.S.C. § 3161(h)(6). Pursuant to § 3161(h)(6), time may be excluded for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "An exclusion for delay attributable to one defendant is applicable to all co-defendants." *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (internal quotations omitted).

[3] The Court notes that *Barker* found that longer delay can be tolerated for "a serious, complex conspiracy charge" such as this one. *Barker*, 407 U.S. at 530.

4

which requires the forensic processing and extraction of data from at least eighteen (18) cell phones. Dkt. No. 141 at 3. A combined total of forty-five (45) social media accounts have also been returned as a result of search warrants. *Id*. It is the Court's understanding that discovery is not yet complete, and is expected to be produced in several batches. *Id*. at 4. Based upon the number of defendants, victims, and witnesses, and the size of the discovery in this matter, the Court anticipates significant prosecutorial and judicial resources will be required in trying this case. For these reasons, the Court has found that a 180-day continuance is a reasonable period of delay necessary to accommodate the efficient use of prosecutorial and judicial resources in trying the co-defendants in a single trial. Dkt. Nos. 161, 186.

Regarding the second factor—the reason for the delay—the Court has set forth the reasoning for the complexity designation and continuance of the trial in detail, both in this Order and the July 9 Order. The Court recognizes the preference for all persons charged in a conspiracy to be tried together, especially where the case is complex as it is here. The Court finds a sufficient basis for the delay.

While the third factor—the defendant's assertion of the right to a speedy trial—may tip in Defendant Ruff's favor, the Court notes that Defendant Ruff originally took no position regarding the complexity designation and continuance and only now, over two months after the entry of the July 9 Order, asserts for the first time his right to a speedy trial. Finally, regarding prejudice to Defendant, the Court has already found that the ends of justice served by declaring the case complex and continuing the trial outweigh the interests of the public and Defendants in a speedy trial. Dkt. No. 161 at 2. In consideration of these factors, the Court does not find that a denial of Defendant Ruff's request to sever results in a speedy trial violation. For these reasons, the Court denies Defendant Ruff's motion to sever.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Ruff's Opposed Motion to Sever and Invoke His Right to a Speedy Trial [Dkt. No. 196] is DENIED.

Dated this 22nd day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE
